UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEL-TOWNE PROPERTIES GROUP,

      Plaintiff,

v.                                                     Case No. 01-72571
                                                         Hon. Victoria A. Roberts

TOYS "R" US - DELAWARE, INC.,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for sanctions following Defendant's failure to comply with the Court's Order compelling discovery responses. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

**II.    BACKGROUND**

This action arises out of a dispute over when a lease agreement between the parties expires. Both parties are successors to the original parties to the lease.

Plaintiff claims the lease expired on January 31, 2001, and that Defendant did not make a timely renewal. Plaintiff seeks a declaratory judgment, or in the alternative, reformation of the lease to conform to the intent of the parties that the lease expire on January 31, 2001. Following an Order by the Sixth Circuit, Plaintiff filed an Amended Complaint on March 21, 2005.

On October 14, 2005, Plaintiff filed a Motion to compel discovery responses from

Defendant. [Doc. 40]. Specifically, Plaintiff sought answer to its first set of Interrogatories and document requests sent on July 22, 2005, and a second document request sent on August 2, 2005.

Following a telephone conference on October 21, 2005, the Court granted Plaintiff's Motion and ordered Defendant to comply by November 4, 2005. [Doc. 41]. The Court did not order sanctions.

Defendant made documents available on November 22, 2005 for Plaintiff's inspection and reproduction. Defendant answered the Interrogatories on December 13, 2005.

On December 20, 2005, Plaintiff filed a Motion for sanctions. [Doc. 45]. Plaintiff claims Defendant did not produce all of the requested documents, and did not prepare a written explanation of the missing documents. Additionally, Plaintiff alleges Defendant failed to fully answer the Interrogatories. Also, both of Defendant's responses were made after the date ordered by the Court.

## III.   APPLICABLE LAW AND ANALYSIS

### A.   Document Requests

Pursuant to FRCP 34, Plaintiff served Defendant with document requests. Rule 34 requires Defendant to "serve a written response within 30 days after the service of the request." The written response is required to state "with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." FRCP 34(b). After failing to adhere to the requirements of Rule 34, Defendant failed to comply with the Court's Order to produce the documents within the time ordered.

In addition to the untimeliness of the production, Defendant completely failed to prepare a written response.  Defendant notes in its Response that it made five boxes of documents available to Plaintiff for inspection and reproduction, but does not address the documents that Plaintiff claims were missing, or its failure to provide a written response.  Sanctions are appropriate.

**B.     Interrogatory Responses**

**1.     Interrogatory No. 8**

Plaintiff appears to concede a response to Interrogatory No. 8 would be burdensome and expensive to compile.  In its Reply, Plaintiff narrowed the documents sought. [Plaintiff's Reply, p. 3].  Therefore, Defendant's answer to Interrogatory No. 8 is not considered for purposes of this Motion.

**2.     Interrogatory No. 9**

Interrogatory No. 9 requests a list of all Directors and Vice Presidents of Real Estate for Interstate Department Stores, Defendant's predecessor, for the period 1969-1978.  Plaintiff alleges Defendant is Interstate Department Stores, and that it changed its name to Toys-R-Us, Inc., in the 1970's.

As an initial matter, Defendant ignored the Court's Order and did not answer the Interrogatories until December 13, 2005, more than a month after the Court ordered.

Defendant objects to Interrogatory No. 9 arguing it does not know who the Directors and Vice Presidents of Real Estate were for the times sought, and that to locate and research the records would be unduly burdensome and unreasonably expensive to compile.

Defendant did not raise this objection in response to Plaintiff's Motion to compel discovery responses and has not sought a protective order. FRCP 37(d) provides in pertinent part:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.
>
> If a party...fails...(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule...In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Defendant did not timely respond to Plaintiff's initial discovery requests, necessitating the Order to compel discovery responses. In addressing the Motion, Defendant did not assert its objection that a response would be unduly burdensome or expensive. Defendant did not comply with: (1) the initial time provided by the FRCP to respond to discovery requests; (2) the time line of the Order to compel responses; (3) the Rule 34 requirement for a written response. Nor did Defendant seek a protective order to excuse its failure to answer. Therefore, sanctions are appropriate.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for sanctions.

4

The Court orders Defendant to pay all reasonable costs and attorney's fees associated with bringing the Motion to compel discovery responses and the Motion for sanctions.  Plaintiff is to submit a bill of costs and attorney's fees by May 3, 2006.

The Court further orders Defendant, by May 3, 2006, to: (1) provide the written response required by FRCP 34; (2) answer Interrogatory No. 8 as amended in Plaintiff's Reply; and, (3) answer Interrogatory No. 9.

**IT IS SO ORDERED.**

<div style="margin-left:auto">

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

</div>

**Dated:  April 18, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**